**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 16 CV 8324 |
| | ) | |
| v. | ) | |
| | ) | |
| GLOBAL, LLC, doing business as | ) | |
| GLOBAL PHARMACEUTICAL WHOLESALE | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for the actions of defendant Global, LLC., doing business as Global Pharmaceutical Wholesale, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"),  the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.     Plaintiff Glen Ellyn Pharmacy, Inc., is an Illinois corporation with offices in Glen Ellyn, Illinois, where it maintains telephone facsimile equipment.

4.     Defendant Global, LLC, is a Michigan limited liability company.   Its registered agent and office is Chawki Fakih, 23456 Kean Street, Dearborn, Michigan 48124.  It does business as Global Pharmaceutical Wholesale.

5.     John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

7.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.     Have transacted business in Illinois.

8.      Venue in this District is proper for the same reason.

## FACTS

9.     Between February 7, 2015 and September 15, 2015, Glen Ellyn Pharmacy, Inc received 71 unsolicited fax advertisements from Global, LLC.

10.     On February 7, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 1 on its facsimile machine.

2

11. On February 8, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 2 on its facsimile machine.

12. On February 18, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 3 on its facsimile machine.

13. On February 19, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 4 on its facsimile machine.

14. On February 20, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 5 on its facsimile machine.

15. On February 23, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 6 on its facsimile machine.

16. On February 24, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 7 on its facsimile machine.

17. On February 25, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 8 on its facsimile machine.

18. On February 27, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 9 on its facsimile machine.

19. On February 28, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 10 on its facsimile machine.

20. On March 2, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 11 on its facsimile machine.

21. On March 2, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 12 on its facsimile machine.

3

22.     On March 3, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 13 on its facsimile machine.

23.     On March 4, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 14 on its facsimile machine.

24.     On March 5, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 15 on its facsimile machine.

25.     On March 6, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 16 on its facsimile machine.

26.     On March 6, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 17 on its facsimile machine.

27.     On March 9, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 18 on its facsimile machine.

28.     On March 9, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 19 on its facsimile machine.

29.     On March 11, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 20 on its facsimile machine.

30.     On March 13, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 21 on its facsimile machine.

31.     On March 17, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 22 on its facsimile machine.

32.     On March 18, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 23 on its facsimile machine.

4

33.     On March 18, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 24 on its facsimile machine.

34.     On March 19, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 25 on its facsimile machine.

35.     On March 20, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 26 on its facsimile machine.

36.     On March 23, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 27 on its facsimile machine.

37.     On March 24, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 28 on its facsimile machine.

38.     On March 25, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 29 on its facsimile machine.

39.     On March 26, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 30 on its facsimile machine.

40.     On March 26, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 31 on its facsimile machine.

41.     On April 1, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 32 on its facsimile machine.

42.     On April 1, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 33 on its facsimile machine.

43.     On April 6, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 34 on its facsimile machine.

44.     On April 6, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 35 on its facsimile machine.

45.     On April 7, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 36 on its facsimile machine.

46.     On April 8, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 37 on its facsimile machine.

47.     On April 13, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 38 on its facsimile machine.

48.     On April 20, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 39 on its facsimile machine.

49.     On April 22, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 40 on its facsimile machine.

50.     On April 23, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 41 on its facsimile machine.

51.     On April 28, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 42 on its facsimile machine.

52.     On April 29, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 43 on its facsimile machine.

53.     On April 30, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 44 on its facsimile machine.

54.     On May 1, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 45 on its facsimile machine.

6

55.     On May 4, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 46 on its facsimile machine.

56.     On May 5, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 47 on its facsimile machine.

57.     On May 11, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 48 on its facsimile machine.

58.     On May 12, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 49 on its facsimile machine.

59.     On May 13, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 50 on its facsimile machine.

60.     On May 14, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 51 on its facsimile machine.

61.     On May 15, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 52 on its facsimile machine.

62.     On May 19, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 53 on its facsimile machine.

63.     On May 20, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 54 on its facsimile machine.

64.     On May 21, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 55 on its facsimile machine.

65.     On May 22, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 56 on its facsimile machine.

66.     On May 25, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 57 on its facsimile machine.

67.     On May 27, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 58 on its facsimile machine.

68.     On June 1, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 59 on its facsimile machine.

69.     On June 17, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 60 on its facsimile machine.

70.     On June 18, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 61 on its facsimile machine.

71.     On June 25, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 62 on its facsimile machine.

72.     On June 30, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 63 on its facsimile machine.

73.     On July 2, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 64 on its facsimile machine.

74.     On July 6, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 65 on its facsimile machine.

75.     On July 8, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 66 on its facsimile machine.

76.     On July 20, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 67 on its facsimile machine.

8

77.     On July 29, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 68 on its facsimile machine.

78.     On August 10, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 69 on its facsimile machine.

79.     On September 1, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 70 on its facsimile machine.

80.     On September 15, 2015, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit 71 on its facsimile machine.

81.     Discovery may reveal the transmission of additional faxes as well.

82.     Defendant Global, LLC., doing business as Global Pharmaceutical Wholesale,  is responsible for sending or causing the sending of the fax.

83.     Defendant Global, LLC., doing business as Global Pharmaceutical Wholesale, as the entity who products or services were advertised  in the fax, derived economic benefit from the sending of the faxes.

84.     Defendant Global, LLC., doing business as Global Pharmaceutical Wholesale, either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

85.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

86.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

87.     The  faxes does not contain an "opt out" notice that complies with 47 U.S.C.

9

§227.

88.     The TCPA makes unlawful the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone facsimile machine

..." 47 U.S.C. §227(b)(1)(C).

89.     The TCPA provides for affirmative defenses of consent or an established business

relationship.  Both defenses are conditioned on the provision of an opt out notice that complies

with the TCPA.  *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d

680 (8th Cir. 2013).

90.     There is no reasonable means for plaintiff or other recipients of Defendant's

unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and

ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

91.     Plaintiff incorporates ¶¶ 1-89.

92.     The TCPA makes unlawful the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone facsimile machine

..." 47 U.S.C. §227(b)(1)(C).

93.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court
of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations
prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such violation,**

**whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

94.     Plaintiff suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

95.     Plaintiff is entitled to statutory damages.

96.     Defendant violated the TCPA even if its actions were only negligent.

97.     Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendants for:

a.      Actual damages;

b.      Statutory damages;

c.      An injunction against the further transmission of unsolicited fax advertising;

d.      Costs of suit;

e.      Such other or further relief as the Court deems just and proper.

## <u>COUNT II – ILLINOIS CONSUMER FRAUD ACT</u>

98.     Plaintiff incorporates ¶¶ 1-89.

99.     Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815

11

ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

100.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law.  720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

101.    Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

102.    Plaintiff suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

103.    Defendant engaged in such conduct in the course of trade and commerce.

104.    Defendant's conduct caused recipients of their advertising to bear the cost thereof. This gave Defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

105.    Defendant's shifting of advertising costs to plaintiff in this manner makes such practice unfair.  In addition, defendant's conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

106.    Defendant should be enjoined from committing similar violations in the future.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of

12

plaintiff against defendants for:

      a.     Appropriate damages;

      b.     An injunction against the further transmission of unsolicited fax advertising;

      c.     Attorney's fees, litigation expenses and costs of suit;

      d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

107.    Plaintiff incorporates ¶¶ 1-89.

108.    By sending plaintiff unsolicited faxes, defendant converted to its own use ink or toner and paper belonging to plaintiff.

109.    Immediately prior to the sending of the unsolicited faxes, plaintiff owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

110.    By sending the unsolicited faxes, defendant appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

111.    Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

112.    Plaintiff was deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff thereby suffered damages as a result of receipt of the unsolicited faxes.

113.    Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendants for:

    a.    Appropriate damages;

    b.    An injunction against the further transmission of unsolicited fax advertising;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

## COUNT IV – NUISANCE

114.    Plaintiff incorporates ¶¶ 1-89.

115.    Defendant's sending plaintiff unsolicited faxes was an unreasonable invasion of the property of plaintiff constitutes a nuisance.

116.    Congress determined, in enacting the TCPA, that the prohibited conduct was a "nuisance." *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005).

117.    Defendant acted either intentionally or negligently in creating the nuisance.

118.    Plaintiff suffered damages as a result of receipt of the unsolicited faxes.

119.    Defendant should be enjoined from continuing its nuisance.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendants for:

    a.    Appropriate damages;

    b.    An injunction against the further transmission of unsolicited fax advertising;

14

      c.        Costs of suit;

      d.        Such other or further relief as the Court deems just and proper.

## COUNT V – TRESPASS TO CHATTELS

120.    Plaintiff incorporates ¶¶ 1-89.

121.    Plaintiff was entitled to possession of the equipment they used to receive faxes.

122.    Defendant's sending plaintiff unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

123.    Defendant acted either intentionally or negligently in engaging in such conduct.

124.    Plaintiff suffered damages as a result of receipt of the unsolicited faxes.

125.    Defendant should be enjoined from continuing trespasses.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendants for:

      a.        Appropriate damages;

      b.        An injunction against the further transmission of unsolicited fax advertising;

      c.        Costs of suit;

      d.        Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\32993\Pleading\Complaint_Pleading.wpd

17